61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael D. ASHBY, Appellant,
v.
Robert SCHNECK, Appellee.
 No. 94-3354.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1995.
Filed: July 17, 1995.
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael D. Ashby appeals from the final order entered in the District Court[1] for the District of Minnesota granting summary judgment in favor of psychiatrist Robert Schneck on Ashby's 42 U.S.C. Sec. 1983 complaint. As an inmate at the Hennepin County Adult Detention Center (HCADC), Ashby claimed that Schneck, by prescribing Haldol for him, violated his liberty interest in being free from the involuntary administration of antipsychotic medication. For the reasons discussed below, we affirm.
 
 
 2
 We review de novo the grant of a motion for summary judgment. See United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). The evidence Schneck submitted in support of his motion established that he practiced psychiatry with a private association and performed consultations at HCADC upon request by jail personnel. Schneck saw Ashby three times, all in July 1991. On July 9, after reviewing Ashby's record and examining him, Schneck noted that Ashby had a history of atypical alcohol withdrawal; that he appeared psychotic, with hallucinations, paranoia, and disorientation; and that he had recently received two doses of Haldol (prescribed by another doctor). Suspecting that Ashby might be over-medicated with Haldol, Schneck prescribed a reduction in the dosage from ten to five milligrams, to be administered by mouth or injection by jail nurses on an as-needed basis for agitation. Schneck saw Ashby again on July 11. Noting that Ashby appeared calm and lucid and free of psychotic symptoms, Schneck discontinued the prescription for Haldol. He saw Ashby for the last time on July 18; noted that Ashby had been verbally aggressive, irritable, and hostile at times; and prescribed Haldol again, to be administered by jail personnel on an as-needed basis for agitation. Schneck attested that the prescription of Haldol was in Ashby's medical interest, as he was suffering from atypical psychosis and organic brain syndrome, and that Ashby manifested behavior that could be dangerous to himself or others. Schneck further attested he had no personal involvement in the administration of any medication, no knowledge whether medication was actually administered, and no knowledge that Ashby ever refused medication at HCADC.
 
 
 3
 In opposition to Schneck's motion, Ashby attested he had refused medication numerous times. His medication record showed that he refused Dilantin on four occasions in October 1991. He never claimed that, after he refused any medication, it was subsequently administered to him involuntarily.
 
 
 4
 A prisoner has a significant liberty interest under the Due Process Clause of the Fourteenth Amendment in avoiding the unwanted administration of antipsychotic medication. Washington v. Harper, 494 U.S. 210, 221-22 (1990). The right to be free of medication must be balanced, however, against the state's duty to treat mentally ill inmates and run a safe prison. United States v. Watson, 893 F.2d 970, 977-78 (8th Cir.), cert. denied, 497 U.S. 1006 (1990). "[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Washington v. Harper, 494 U.S. at 227.
 
 
 5
 On those occasions when Ashby was given Haldol, there is no indication in the record that it was administered against his will. Even assuming arguendo that Ashby was unable to give meaningful consent, we conclude that he did not offer proof in opposition to Schneck's attestation that the prescription of Haldol was in Ashby's medical interest and was indicated by Ashby's manifestation of behavior that could be dangerous to himself or others. Thus, summary judgment was proper. See Fed. R. Civ. P. 56(c),(e). We find no abuse of discretion in the district court's denial of Ashby's request for appointment of counsel.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota